## Ezra Loomis *versus* David Ives, Administrator

The *St.* 1834, *c.* 2, providing that actions of trespass, " which are now pending,' for injury to personal property, shall survive to and against the executors and administrators of the parties, was *held* not to apply where one of the parties died before the statute was passed, and while the action stood continued to a term of the court posterior to the enactment of the statute.

This was an action of trespass originally brought against Miles Bartholomew, a deputy sheriff, for taking a horse. At September term 1833 of this Court, the action was continued to May term 1834. On January 9, 1834, Bartholomew died, insolvent ; but his death was not entered on the record, as the Court was not then in session. The defendant Ives, as administrator of Bartholomew, appeared and claimed the right to come in and defend, by virtue of *St.* 1834, *c.* 2, which was passed on January 31, 1834. By this statute it was provided, " that all actions of trespass and of trespass upon the case, which are now pending, or which may hereafter

Loomis
*v.*
Ives.

be commenced, for injury to personal property, whethe such injury be caused by misfeasance or non-feasance, shall be regarded as actions which survive to and against the executors and administrators of the parties causing and sustaining such injury, and may be proceeded in, in the same manner as is provided by *St.* 1822, *c.* 110, § 1, entitled " an act for the regulating actions of replevin and trover." The plaintiff moved to have his action dismissed without costs, and insisted that it stood unaffected by the statute, because the death of Bartholomew took place before the statute was passed.

*Sept.* 10*th.*　　*Dwight* and *Whiting*, for the plaintiff, cited *St.* 1822, *c.* 110, § 1 ; *Holyoke* v. *Haskins*, 9 Pick. 259.

*Hall* and *Sumner*, for the defendant, cited *Gore* v. *Brazier*, 3 Mass. R. 540 ; *Bemis* v. *Clark*, 11 Pick. 452 ; *The People* v. *Tibbets*, 4 Cowen, 384.

*Sept.* 12*th.*　　SHAW C. J. delivered the opinion of the Court. The suit having abated by the death of the original defendant, before the enactment of the statute, it was not an action then pending within the meaning of the statute. This act refers to *St.* 1822, *c.* 110, which clearly looks to the future death of the party, as the case in which ıt shall take effect. This avoids the charge of its being retrospective, or affecting existing rights. This was the principle recognised in the case of *Holyoke* v. *Haskins*, 9 Pick. 259. The statute there considered, authorized the heirs of persons who should *afterwards* decease, to come in, and this might apply as well to cases then pending, as to those which should be afterwards commenced.

By the general rule of the common law, an action of trespass abates by the death of the defendant. This rule is not avoided by the statute in the present case, because the death of the original defendant had occurred, and the suit been in fact abated, before the passing of the act.

*All further proceedings stayed.*